STATE OF MONTANA ex rel. MONTANA MOTOR TARIFF
BUREAU, INC., Relator and Appellant, v. PAUL T.
SMITH, JACK HOLMES and LOU BOEDECKER, individ-
ually and as constituting the Board of Railroad Com-
missioners of the State of Montana, et al., Respondents
and Respondents.

No. 10659

Submitted April 8, 1964. Decided August 17, 1964.

394 P.2d 758

Anderson, Symmes, Forbes, Peete & Brown, Jerome Anderson (argued), Billings, for appellant.

Lamey, Crowley, Kilbourne, Haughey & Hanson, Billings, Mufich & Lynch and Edwin S. Booth, Helena, George C. Dalthorp, Billings, and Lewis Harris, St. Paul, Minn., William P. Mufich, Helena, Neil J. Lynch, Butte, and George C. Dalthorp (argued), Billings, for respondents.

MR. JUSTICE DOYLE delivered the Opinion of the Court.

This is an appeal from an order of the district court of the thirteenth judicial district of the State of Montana, granting the respondents' motion to quash an alternative writ of mandate and to dismiss the affidavit for writ in the proceedings therein.

The facts, briefly stated, are these: The Montana Lines Committee, as a representative of the respondent railroad lines, filed before the Board of Railroad Commissioners of the State of Montana a petition and application, No. 233, for permission to effect a reduction of rates charged for the transportation of asphalt in railroad tank cars to and from various points within the State of Montana. This application and petition were filed on April 1, 1963.

The Board of Railroad Commissioners duly considered the aforementioned petition and application and on April 8, 1963,

pursuant to the authority vested in it, issued "Montana R. R. Authorization No. 3461," effective May 20, 1963, permitting reductions in freight rates to be charged by the railroads for the transportation of asphalt within the state of Montana.

Thereafter, Montana Motor Tariff Bureau, Inc., a nonprofit organization representing several motor carriers operating within the state of Montana, filed, on May 15, 1963, with the Board a motion to vacate Authorization No. 3461. The motion was denied by the Board on May 16, 1963. Subsequently, the Montana Motor Tariff Bureau, relators herein, instituted proceedings in the above district court, praying that a writ of mandate be issued directing the Board to vacate, annul and set aside its authorization No. 3461 and to cause publication and to give notice pursuant to sections 72-117 and 72-118, R.C.M. 1947, before proceeding further on Montana Lines' petition and to provide relator with an opportunity to furnish information thereon.

The district court issued an alternative writ made returnable on June 6, 1963. Respondents then filed a motion to quash the writ; the motion was granted by order of the court dated June 19, 1963, and it is from this order that the relators appeal.

In its brief appellant alleges that the district court erred in granting the respondents' separate motions to quash the alternative writ and to dismiss the affidavit for writ of mandate; further, the court erred in entering judgment for the respondents, and each of them.

In support of these specifications of error appellant argues that the basic legal question here involved is "whether the statutes of Montana governing the establishment of rail rates and their subsequent changes and alterations require that interested parties be given notice of the fact that the Board of Railroad Commissioners is about to consider any proposed rail rate changes in order that such parties may have the right to make such presentation to the Board concerning the rate changes as they desire, and further whether, after the Board

has approved such changes, additional notice must be given advising the public and interested persons of the action taken by the Board and the effective date of the rates."

 We think that in thus stating the legal issue here involved the appellant has painted with too broad a brush. The view we take of the Board's action, in light of the relevant code section, presents the sole question of whether the Board is required, when acting upon a petition or application for reduced rail rates, to comply with the notice provisions set forth in sections 72-117, 72-118, R.C.M.1947, in advance of any action on such petition or prior to issuance of any authorization thereon.

We hold that it does not.

Section 72-118, in this instance we deem to be controlling, provides that:

"The said board shall have the power from time to time to change, alter, amend, or abolish any classification or rate established by it when deemed necessary, and such amended, altered, or new classifications or rates shall be put into effect in the same manner as original classifications or rates. The said board shall make and establish reasonable rates for the transportation of passengers over each and all of the railroads subject hereto, * * * *The said board shall not make or establish any increase or raise in the rate of charge for the transportation of freight by any railroad within the state of Montana, unless ten days' notice be published in two daily newspapers, one of which shall be published in the city of Helena, setting forth in said notice that at a certain time and place the board will proceed to make and establish such increase or raise in the rate of charge for the transportation of freight* * * *" (Emphasis ours.)

 It is abundantly clear that the Board is, by the foregoing code section, empowered to "change, alter, amend, or abolish any classification or rate established by it" and that the requirement for publication and notice only obtains in the event that the said board makes or establishes "any increase or raise in the rate of charge for the transportation of freight."

Counsel for the appellant, however, earnestly insist that the authority of the respondent Board under the foregoing section is to be determined by reading that section in conjunction with section 72-117. To buttress this contention, appellant seizes upon that portion of section 72-118 which provides that "new classifications or rates shall be put into effect in the same manner as original classifications or rates." This language, the argument continues, then makes any action on the part of the Board subject to the notice and publication requirements for "original maximum rates and classifications" as provided for in section 72-117.

We cannot agree. To place such a strained construction upon the code sections does violence to the clear import of section 72-118 and disregards the legislative intent which underlies it. The provision of section 72-118 requiring the giving of notice and publication of Board action involving increases or raise of rates was not a part of the original enactment of 1907; it was made a part of the statute by amendment in 1921. Had the legislature desired that such publication and notice be requisite to the reduction of rates, then it would have so stated in the same express terms.

We hold that when the Board acted upon the petition and application for the reduction of freight rates for the transportation of asphalt by the respondent railroads there was no requirement for notice and publication of such action within the purview of sections 72-117, 72-118.

Accordingly, the order of the district court granting the respondents' motion to dismiss the relator's petition for writ and to quash an alternative writ of mandate is hereby affirmed.

MR. CHIEF JUSTICE JAMES T. HARRISON and MR. JUSTICES CASTLES, ADAIR and JOHN C. HARRISON concur.